**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3071
_____

In re:  BERNARD ANDREW ROTHMAN,
                                                                  Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 1:19-cv-19792)
District Judge: Honorable Judge Robert B. Kugler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 25, 2021
Before:  JORDAN, MATEY, and NYGAARD, Circuit Judges

(Opinion filed March 25, 2021)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Bernard Andrew Rothman appeals from the District Court's denial

of his motion for reconsideration.  For the reasons that follow, we will affirm the District

Court's judgment.

In 2006, Rothman purchased a property with a loan that was secured by a mortgage.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Wells Fargo Bank was subsequently assigned the mortgage.[1] Rothman filed for bankruptcy in 2019, ultimately proceeding under Chapter 7. The trustee who had been appointed pursuant to Chapter 7 abandoned any interest in the estate of Rothman's property. Rothman objected to the abandonment, but the Bankruptcy Court overruled Rothman's objection after a hearing. Rothman appealed that decision to the District Court.

In June 2020, the District Court ordered Rothman to produce a copy of the hearing transcript regarding the trustee's abandonment or show good cause for why the transcript was unnecessary to review the Bankruptcy Court's decision. The District Court warned that it would dismiss Rothman's appeal if he failed to comply with its order. When Rothman did not respond, the District Court dismissed Rothman's appeal. Rothman filed a motion for reconsideration of the dismissal. The District Court denied his motion. Rothman timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 158(d) and 1291. As relevant here, we review a district court's denial of a motion for reconsideration for abuse of discretion.[2] See Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001).

We discern no abuse of discretion in the District Court's denial of Rothman's

---

[1] Because we write primarily for the parties, we recite only the facts and procedural history necessary for our discussion.

[2] In his appellate brief, Rothman does not challenge the District Court's underlying order dismissing his appeal, so he has forfeited any challenge to that decision. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).

motion. The motion was not based on a proper ground for reconsideration, such as an intervening change in law, newly discovered evidence, or "the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Rather, Rothman sought reconsideration based on arguments about Wells Fargo's standing and errors made by the Bankruptcy Court. His arguments did not address the District Court's need for a transcript to review the Bankruptcy Court's decision or explain why the transcript was unnecessary. Rothman's appellate brief similarly makes no mention of the transcript.[3]

Accordingly, for the reasons above, we will affirm the judgment of the District Court.

---

[3] In his appellate brief, Rothman appears to seek review of other decisions; however, those orders are beyond the scope of this appeal. In particular, Rothman challenges a Bankruptcy Court decision to vacate an automatic stay and related Bankruptcy Court orders. However, those decisions were at issue in a District Court case that is separate from the District Court case underlying this appeal. Similarly, his conclusory allegations of constitutional violations and ex parte communications by Wells Fargo are related to the order vacating the stay and entirely separate from the Bankruptcy Court's decision regarding Rothman's objection to the trustee's abandonment of an interest in the estate of his property. Further, to the extent that Rothman vaguely alleges bias by the Bankruptcy Judge and the District Judge, the record contains no evidence of bias.